UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED **ORIGINAL**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ APR 2 4 2008 ★

BROOKLYN OFFICE

-------------------------------------------------------x

CHARLES HEATH

           Plaintiff,

  -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

             Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-07-1238 (FB)

*Appearances:*
*For the Plaintiff:*
CHARLES E. BINDER, ESQ.
215 Park Avenue South, 6th Floor
New York, New York 10003

*For the Defendant:*
BENTON J. CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
By: Kathleen A. Mahoney, Esq.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Plaintiff, Charles Heath ("Heath"), seeks review of the final decision of the

Commissioner ("Commissioner"), denying his application for disability insurance benefits.

Both parties agree that the Administrative Law Judge ("ALJ") applied an improper legal

standard in the course of denying plaintiff's claim, but disagree as to the remedy. The

Commissioner seeks an order remanding for further administrative proceedings while

plaintiff requests remand for the calculation of benefits, or, in the alternative, for further

administrative proceedings but with several conditions, including a 60-day deadline.

I

      This is the third time this matter is before the court; it was remanded on two

1

previous occasions, first, in 2001 by stipulation of the parties, *see Heath v. Halter*, No. CV-00-3868 (E.D.N.Y. Feb. 6, 2001), *available at* Docket entry no. 3, and then in 2005, by a memorandum and order of the court, which found, among other things, that the ALJ had misapplied the treating physician rule, *see Heath v. Barnhart*, No. 06-CV-6014 (FB) (E.D.N.Y. Jul. 20, 2005). After the second remand, plaintiff's claim was again denied, this time by ALJ Sol Wieselthier, whose decision became final when the Appeals Council denied a request for further review. That decision is also the subject of the motions presently before the court. In particular, both parties agree that the ALJ violated the treating physician rule because he did not address a number of reports and findings by plaintiff's treating physician, Dr. Robert Donadt.[1]

## II

Plaintiff offers two reasons as to why the Court should remand solely for the calculation of benefits, none of which are persuasive. First, he argues that "no other purpose would be served by remanding this case" for further administrative proceedings because there "are no gaps in the record." Pl.'s Mem. in Opp'n to Mot. for Remand 9. The Court agrees that there is no need to remand to take additional evidence – that is, to close any "gap" in the record; however, it does not follow that a remand for further proceedings

---

[1]Those reports and findings include the following: (1) a "Musculoskeletal Medical Report"; (2) a "Medical Assessment of Ability to Do Work-Related Activities" question-and-answer form; (3) a letter from Dr. Donadt to plaintiff's counsel detailing plaintiff's medical condition during the approximately seven to eight years (at the time the letter was written) plaintiff was in Dr. Donadt's care; and (4) a "Multiple Impairments Questionnaire." *See* Tr. 240-45, 381-91. "Tr." refers to the administrative record which was filed by the Commissioner in conjunction with his Answer. *See* Docket entry no. 5.

would serve no purpose.

Remand for calculation of benefits is the appropriate remedy "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Pratts v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *see also Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998); *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999). That circumstance is not present here; although Dr. Donadt's opinion supports plaintiff's claim, and must be explicitly addressed by the ALJ, *see Snell v. Apfel*, 177 F.3d 133 (2d Cir. 1999) ("Failure to give 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand."), it does not conclusively establish that he is disabled because a claimant's residual functional capacity and the ultimate question of disability are reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(2); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[T]he Social Security Administration considers the data that the physicians provide but draws its own conclusions as to whether those data indicate disability.").

Where there is conflicting evidence on the issue of disability, "it is for the [Social Security Administration], and not this court, to weigh the conflicting evidence in the record," particularly when the court "cannot say with certainty what weight should be assigned . . . to the opinion of plaintiff's treating physician." *Schaal*, 134 F.3d at 504. Thus, a remand for further proceedings is the proper remedy "when it appears that the ALJ has failed to consider relevant and probative evidence which is available to him." *Lopez v. Sec'y of Health and Human Servs.*, 728 F.2d 148, 150-51 (2d Cir. 1984); *see also Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004) ("It is grounds for a remand for the ALJ to ignore parts of the record that are probative of the claimant's disability claim." (citations omitted)).

As both parties acknowledge, that is what happened here.

Plaintiff's second, and principal, argument is that the length of time for which his claim has been pending – a little more than 11 years – warrants an award of benefits. While the Court acknowledges the unfortunate delay, it must adhere to the law of this circuit, which provides that "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996). As explained above, the Court cannot conclude, on the present record, that plaintiff was actually disabled.

Plaintiff is not without recourse, however. Having progressed to and completed step five of the five-step review process, he may receive the benefit of a court-ordered time limit as to when, on remand, the Commissioner must complete administrative proceedings, including the issuance of a final decision. *See Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004), *amended on reh'g*, 416 F.3d 101 (2d Cir. 2005). In *Butts*, the Second Circuit recognized the "'often painfully slow process by which disability determinations are made,' and that 'a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial, additional delay.'" 388 F.3d at 387 (citations omitted). In doing so, it instructed district courts to consider the "hardship to a claimant of further delay" in fashioning an appropriate remedy on remand, which, in *Butts*, involved the imposition of a 60-day deadline for completion of administrative proceedings.[2] *Id.* Indeed, this Court

---

[2]For much the same reason, the Commissioner's argument that *Butts* does not support imposition of a deadline here because *Butts* involved a remand for the purpose of taking testimony from a vocational expert is meritless. While the *Butts* decision did instruct that "in cases involving an ALJ's failure to call a vocational expert, district courts that select remand as a remedy should consider imposing a time limit on the

4

imposed the same deadline – 60 days – in *Jordan v. Barnhart*, No. 04-CV-577 (FB), 2005 WL 226225, at *2 (E.D.N.Y. Feb. 1, 2005) (Block, J.), where the claimant had to wait more than five years before her disability benefits claim was conclusively resolved by the Commissioner.

Accordingly, the Court directs the Commissioner to complete further administrative proceedings within 60 days of the issuance of this order, and if the ALJ, upon remand, denies plaintiff's claim, the Commissioner is directed to issue a final decision within 60 days of any appeal from that denial. "[I]f these deadlines are not observed, a calculation of benefits owed [plaintiff] must be made immediately," *Butts*, 388 F.3d at 387, unless plaintiff himself is the cause of delay in achieving those deadlines.

Plaintiff also requests that the Court require that his claim be assigned to a different Social Security Administration hearing office because, as he contends, the Queens office, the office which has adjudicated his claim, "has yet to get it right" and is notorious for having "one of the longest waiting periods in the country for hearings and decisions." Pl.'s Mem. in Opp'n to Mot. for Remand 10. Plaintiff, however, provides the Court with no authority upon which such a remedy may be ordered. While the Court may, in certain instances, require that a new ALJ be assigned on remand when, for example, the ALJ exhibits bias against the claimant, *see, e.g., Sutherland*, F. Supp. 2d at 291-92 (collecting cases), it is unaware of any situation where a court ordered that the claim be considered by a different

---

subsequent proceedings," 388 F.3d at 387, it did not say this was the only situation when time limitations would be appropriate on remand. Indeed, in imposing the deadline the *Butts* court pointed out the broad authority district courts have when ordering a remand, which should be exercised with an eye towards "the hardship to a claimant of further delay . . . ." *Id.*

hearing office.[3] Nor does plaintiff cite to any such instance. Therefore, the Court rejects plaintiff's request that his claim be transferred to another hearing office.

### III

Finally, plaintiff seeks to expunge the medical reports of Dr. Mohammed Khattak, *see, e.g.*, Tr. 221-22, a consultative examiner for the Social Security Administration. In support of his argument, plaintiff cites to a decision from this district, *Lamar v. Barnhart*, 373 F. Supp. 2d 169 (E.D.N.Y. 2005), where the court there "question[ed] the state's continued reliance on Dr. Khattak's 'medical' opinions," describing one of his reports as "slipshod and specious." *Id.* at 177. Plaintiff also submits a recent order of the Appeals Council in another disability benefits matter which states that Dr. Khattak had been stripped of his authority to perform consultative examinations on behalf of the Social Security Administration and directs the ALJ not to consider Dr. Khattak's medical opinions on remand. *See* Ex. A attached to Pl.'s Mem. in Opp'n to Mot for Remand. Only recently, another court in this district ordered an ALJ not to rely on Dr. Khattak's reports on remand for much the same reasons. *See Gonzalez v. Astrue*, No. 04-CV-3437 (JG), 2008 WL 75518 at *10 (E.D.N.Y. Mar. 20, 2008). Accordingly, the Court directs that the ALJ not consider any medical opinions by Dr. Khattak on remand.[4]

_____

[3] Plaintiff does not request that the matter be assigned to a different ALJ; nor does it appear that a reassignment would be warranted here.

[4] While the Commissioner opposes plaintiff's effort to have Dr. Khattak's reports excluded from the record, he offers no persuasive reasons to support his position. It matters not whether the ALJ actually considered Dr. Khattak's medical opinions on a previous occasion; the issue is whether the ALJ will, and, more appropriately, should do so in the future, i.e., on remand here. In light of Dr. Khattak's troubled history and the Social Security Administration's own stance of according no weight to his findings,

## CONCLUSION

The case is remanded to the ALJ for further proceedings in accordance with this Memorandum and Order. The ALJ is instructed to pay particular attention to the treating physician rule which requires that the ALJ provide "good reasons . . . for the weight . . . give[n] [to a] treating physician's opinion." 20 C.F.R. § 404.1527(d)(2). In doing so, the ALJ should bear in mind that "[i]t is not proper for the ALJ to simply pick and choose from the transcript only such evidence that supports his determination, without affording consideration to evidence supporting the plaintiff's claims." *Sutherland*, 322 F. Supp. 2d at 289.

The Commissioner is also instructed to comply with the deadlines outlined above, including the issuance of a final decision within 60 days of any appeal from an unfavorable determination by the ALJ. Failure to observe these deadlines will be grounds for an award of benefits, unless such failure is occasioned by plaintiff's delay.

**SO ORDERED.**

s/Frederic Block

_____

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 22, 2008

---

the Court itself finds little basis for crediting Dr. Khattak's opinions.