UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

CHARLES R. HEATH,

                            Plaintiff,                    **MEMORANDUM AND ORDER**

      -against-                                          Case No. CV-07-1238 (FB)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                            Defendant.

-----------------------------------------------------------------x

*Appearances*
*For the Plaintiff:*                      *For the Defendants*:
CHARLES E. BINDER, ESQ.                   BENTON J. CAMPBELL, ESQ.
Binder and Binder, P.C.                   United States Attorney
215 Park Avenue South, 6th Floor          Eastern District of New York
New York, NY 10003                        By: Kathleen A. Mahoney, Esq.
                                          Assistant United States Attorney
                                          271 Cadman Plaza East, 7th Floor
                                          Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

        For the reasons stated in open court on September 24, 2008 and as further

elaborated herein, claimant Charles R. Heath ("Heath") is awarded $17,537.50 in fees and

costs. Of the total award, $6,431.25 is to be paid to Heath's counsel pursuant to 28 U.S.C.

§ 2412(d), and $11,106.25 is to be paid to Heath pursuant to 28 U.S.C. § 2412(b) because of

the Commissioner's bad faith in his repeated denials of Heath's claim for disability benefits.

        Fees should be awarded pursuant to § 2412(b) when "the losing party's claims

were 'entirely without color and made for reasons of harassment or delay or for other

improper purposes.'" *Wells v. Bowen*, 855 F.2d 37, 46 (2d Cir. 1988) (quoting *Sierra Club v.*

*U.S. Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir. 1985)).

The primary reason for finding bad faith is the Commissioner's repeated failure to apply the correct legal standard, specifically, the treating physician rule codified in 20 C.F.R. § 404.1527. Heath's claim was denied three times and remanded three times. The first remand was by stipulation of the parties, and the Court's order directed that "the Commissioner shall consider the opinions of plaintiff's treating physicians in accordance with 20 C.F.R. § 404.1527." *Heath v. Halter*, No. CV-00-3868 (Block, J.) (E.D.N.Y. Feb. 6, 2001) (stipulation and order). The second and third remands were both expressly based on a failure to follow the treating physician rule. *See Heath v. Astrue*, No. CV-07-1238 (FB), 2008 WL 1850649, at *3 (E.D.N.Y. Apr. 24, 2008); *Heath v. Barnhart*, No. CV-04-2926 (FB), 2005 WL 1691044, at *5 (E.D.N.Y. July 20, 2005). These repeated failures to apply the correct legal standard after express instructions from the Court constitute bad faith. *See Brown v. Sullivan*, 724 F. Supp. 76, 78-79 (W.D.N.Y. 1989) (finding, where denial occurred "in circumstances under which the administrative adjudicators should have been aware of and applied the treating physician rule[,] the inference is inescapable that the government's position in this regard was in bad faith."). *Cf. Mara v. Sullivan*, 721 F. Supp. 520, 527 (S.D.N.Y. 1989) (finding a *single* failure to follow the treating physician rule insufficient for bad faith).

Furthermore, there has been delay on the part of the Commissioner. Heath first applied for disability insurance benefits on October 29, 1997, almost eleven years ago. That claim was denied by ALJ Martin K. Khan ("ALJ Khan") on October 30, 1998. The denial was not made final by the Appeals Council until May 10, 2000—over one and a half years

later. The Court's first remand was on February 6, 2001, and the next denial, also by ALJ Khan, was on May 3, 2002—well over a year after remand. It took another two years for that denial to become final, on May 27, 2004. The Court's second remand was issued on July 20, 2005, but it was not until a year and a half later, on January 22, 2007, that ALJ Sol A. Wieselthier issued the third denial. After the Court's third remand, on April 24, 2008, benefits were awarded on June 25, 2008. The inordinate delays in bringing this matter to a conclusion are unacceptable, and the Commissioner must bear at least some of the responsibility in the bad faith calculus.

The number of hours Heath's counsel spent on the case was reasonable. *See Aston v. Sec'y of Health & Human Services*, 808 F.2d 9, 11 (2d Cir. 1986) (holding that court has broad discretion in determining whether the number of hours counsel claims to have spent is reasonable). Heath's counsel's efforts in this litigation achieved "appreciable advantage." *See United States v. 27.09 Acres of Land, More or Less, Situated in Town of Harrison & Town of North Castle*, 43 F.3d 769, 773 (2d Cir. 1994) ("[W]here all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just."). The Commissioner's offer of remand only occurred after Heath initiated the litigation, and the Court agreed with Heath that there should be a time limit on remand for the Commissioner's determination of benefits and that the report of Dr. Mohammed Khattak should be expunged from the administrative record. *Heath v. Astrue*, 2008 WL 1850649, at

*2-3.

Section 2412(b) allows for an attorney's fee award at a market rate, which in this case generates a fee of $17,537.50 when multiplied by counsel's hours. The government does not challenge the hourly rate Heath suggests. Section 2412(d) provides for attorney's fees at a statutory rate, which in this case would generate a fee of $6,431.25. To ensure that Heath's attorneys are compensated for their work securing Heath's benefits, the Court orders that the § 2412(d) amount be deducted from the $17,537.50 award for Heath's counsel's fee, and the remainder is for Heath. The Commissioner does not challenge the $11,106.25 allocation to Heath, given the finding of bad faith.

**SO ORDERED.**

s/Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 26, 2008